# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GUY R. WOODARD,

*Plaintiff*,

vs.

JAMES COX, *et al.*,

*Defendants*.

2:12-cv-02120-JCM-RJJ

ORDER

This *pro se* prisoner civil rights action by Nevada state inmate comes before the court on plaintiff's application (#1) to proceed *in forma pauperis* as well as for initial review under 28 U.S.C. § 1915A in connection with plaintiff's motion (#3) for a preliminary injunction.

The material docketed as a pauper application is deficient, and the docketed application will be denied without prejudice. Under LSR 1-1 of the local rules, a movant must submit a pauper application on the court's required form. Plaintiff submitted only a financial certificate and a statement of his inmate account. Plaintiff must submit such materials with an application on the required form; they do not constitute an application.

The court therefore will deny the application without prejudice to the filing of a properly-completed application within thirty days of entry of this order. However, in the interim, the court will proceed to initial review in connection with the motion for preliminary injunction given the at least facially plausible allegation that plaintiff is facing an imminent risk of serious harm. Although the court is proceeding forward in the interim, plaintiff still must submit a properly-completed pauper application in response to this order. If he does not do so timely, the action will be dismissed without regard to the then-current state of the proceedings.

Following review of the complaint and the motion for a preliminary injunction, it appears that plaintiff includes allegations stating claims under the Eighth Amendment that are relevant to the request for preliminary injunctive relief.

First, plaintiff alleges, *inter alia*, that correctional officials have not replaced a hearing aid that was lost during a cell search. According to the specific factual allegations in plaintiff's papers, which are accepted as true solely for purposes of this review, plaintiff is fully deaf in his right ear and needs the lost hearing aid to hear adequately in his left ear. He alleges that an armed tower guard told him following an incident that he needed to get a yellow shirt prominently stating "Hearing Impaired Inmate," but he has been provided neither such a shirt nor a replacement hearing aid. He further alleges that his hearing impairment contributed to his being struck by a golf cart driven into a group of inmates by a correctional officer.

Second, plaintiff alleges, *inter alia*, that correctional officials have not provided medication, Trental, prescribed by plaintiff's vascular specialist in connection with his coronary artery disease and peripheral artery disease. It would appear on initial review that a failure to provide such medication where prescribed and medically necessary for a patient with such conditions potentially could increase the risk of an adverse cardiovascular or cerebrovascular event. Plaintiff complains of symptoms, including increasing numbness in his right leg, potentially associated with, among other possible conditions, such peripheral artery disease.

Plaintiff thus presents at least facially plausible allegations that he is facing an imminent risk of serious harm. Given the deficient pauper application, the court has not conducted full screening review; and there may be deficiencies in some of the allegations presented in the complaint. However, plaintiff presents sufficiently viable claims related to the motion for preliminary injunctive relief for that motion to proceed forward in the interim.

The court therefore will direct a response to the motion from defendants through the state attorney general. In responding, defendants shall respond to the underlying merits of the motion for preliminary injunctive relief even if defendants raise procedural objections to the motion, including, but not limited to, the deficient pauper application, any inadequacy of administrative exhaustion efforts, any technical deficiencies in the motion itself, and/or the

possibility that some allegations in the complaint in part may implicate the rule of *Heck v. Humphrey*, 512 U.S. 477 (1994). The court explicitly holds that it has jurisdiction over the subject matter and jurisdiction over the person of the defendants, as it has before it a Nevada inmate suing Nevada correctional officials and officers alleging federal civil rights violations occurring within Nevada. Accordingly, regardless of any procedural or other objections raised by defendants, they shall respond to the merits of the motion. To put the point plainly, the court intends to address plaintiff's allegations that he is being subjected to an imminent risk of serious harm when it adjudicates the motion; and the court does not intend, based on the papers presented to date, to forestall such consideration on technical procedural grounds.

The court further will defer referral of this matter to the inmate mediation program pending, *inter alia*, adjudication of the motion for preliminary injunctive relief.

IT THEREFORE IS ORDERED that the application (#1) to proceed *in forma pauperis* is DENIED without prejudice. Plaintiff shall have **thirty (30) days** from entry of this order to mail for filing a new pauper application on the proper form with all required, and new, financial attachments, including both a financial certificate and a statement of his inmate trust account for the prior six months. If plaintiff does not do so timely, then the action will be dismissed without further advance notice without regard to the status of other proceedings in the case. No pending motions will be ruled upon without a proper application having been filed.

IT FURTHER IS ORDERED that the clerk of court shall add the state attorney general, Catherine Cortez Masto, as counsel for defendants and shall make informal electronic service of this order, along with regenerated notices of filing as to the prior filings, upon defendants via a notice of electronic filing, to the attention of Pamela Sharp.

IT FURTHER IS ORDERED that the attorney general shall advise the court within **twenty-one (21) days** from the date that this order is entered whether she can accept service of process for the named defendants. As to any of the named defendants for which the attorney general cannot accept service, the attorney general shall file, under seal, the last known address(es) of those defendant(s). The court will make provision as to any defendants for whom service is not accepted by subsequent order, should same be necessary.

IT FURTHER IS ORDERED that, also within **twenty-one (21) days** of entry of this order, any defendants for whom service is accepted shall respond to the motion for preliminary injunction and associated motion for order to show cause (## 2 & 3) only at this time. The filing of an answer to the complaint itself is deferred at this time, for, *inter alia,* the filing of a proper pauper application and referral for possible mediation following completion of proceedings on the request for preliminary injunctive relief. Defendants, however, shall consider the relevant allegations of the complaint in responding to the request for preliminary injunctive relief.

The clerk shall SEND to plaintiff with this order two copies of a pauper application form for an inmate along, one copy of the instructions for the form, and a copy of the papers that he submitted in this action.

DATED: December 17, 2012.

JAMES C. MAHAN
United States District Judge