1
2
3
4
5
6            **UNITED STATES DISTRICT COURT**
7              **DISTRICT OF NEVADA**
8
9    GUY R. WOODARD,
              *Plaintiff*,                      2:12-cv-02120-JCM-NJK
10
     vs.
11
                                                 ORDER
12   JAMES COX*, et al.,*
13            *Defendants*.
14

15        This *pro se* prisoner civil rights action comes before the court on plaintiff's second

16   application (#7) to proceed *in forma pauperis* as well as on plaintiff's motion (#3) for a

17   preliminary injunction.

18        The first pauper application was deficient because plaintiff did not submit a pauper

19   application on the court's required form.  The complaint alleges factual allegations in and after

20   February 2012, well within the applicable two-year statute of limitations.

21        The court's general practice in such a situation is to dismiss the improperly-

22   commenced action without prejudice where such a dismissal will not lead to a promptly filed

23   and properly commenced new action being time-barred or otherwise cause substantial

24   prejudice to the plaintiff.  The court departed from that practice in this case because the

25   motion for a preliminary injunction presented at least facially plausible allegations that plaintiff

26   faced an imminent risk of serious harm.  Plaintiff alleged, first, that he had been denied a

27   hearing aid, which placed him at risk in the prison environment, such as, for example, being

28   at risk if he failed to hear and obey commands from an armed tower guard.  Plaintiff alleged,

second, that he was being denied medication prescribed by a vascular specialist for peripheral artery disease, which potentially presented a risk of serious medical complications.

The court accordingly denied the first pauper application without prejudice to the filing of a proper second application, but without also dismissing the action without prejudice; and the court directed defendants to respond to the motion for a preliminary injunction in the interim.

Only nine days into the thirty-day period allowed by the court, plaintiff mailed a second pauper application on the correct form but without the required financial certificate and inmate account statement. Plaintiff stated that he was slated to be released on parole to a halfway house eleven days later. He stated that he would try to follow later with the required financial paperwork if he received it prior to his release or it was forwarded to him thereafter.

The parties further have completed briefing on the motion for a preliminary injunction. The briefing establishes that the request for preliminary injunctive relief is moot. Plaintiff has been released to a transitional facility, or halfway house, in Las Vegas. He thus no longer is restricted to the medical care available through the state prison in which he previously was incarcerated. Regardless of the condition or conditions that require attention or care,[1] plaintiff now can seek indigent medical care in Las Vegas. Plaintiff's arguments in his reply go to whether defendants should be held liable for past circumstances and/or be found financially responsible for present and future medical care. Such matters may be addressed by monetary damages and do not establish irreparable injury. The factual predicate for establishing a potential for irreparable injury – alleged denial of medical care in situations that possibly presented an imminent risk of serious harm – no longer exists. The motion for a preliminary injunction therefore will be denied as moot, subject to plaintiff's ability to pursue claims for monetary damages, to the extent, if any, that such claims may have merit.

_____

[1]Plaintiff refers in the reply to the prospect that he may need adequate testing for the presence of tuberculosis. No such claim was raised in the complaint. Plaintiff may not pursue relief by motion that does not have a foundation in the claims alleged in the complaint. In all events, regardless of the specific medical examination, testing, or treatment that plaintiff allegedly needs, he now is able to seek such care through indigent medical services in Las Vegas.

1    The court thus is presented with a situation where the plaintiff has submitted two

2    deficient pauper applications, a promptly-filed new action would not be time-barred, and

3    plaintiff otherwise will not sustain substantial prejudice from a dismissal of the present

4    improperly-commenced action without prejudice.

5    The court accordingly will follow its general practice and will dismiss the current

6    improperly-commenced action without prejudice to the filing of a new complaint in a new

7    action with a properly-completed pauper application.  In this regard, the court follows the prior

8    unpublished decision in *Johnson v. Clark County Detention Center*, No. 2:07-cv-00769-PMP-

9    PAL (D. Nev., Jan. 24, 2008).  In *Johnson*, after reviewing conflicting appellate court holdings

10   from other circuits, the court held that the pauper application and fee payment provisions of

11   the Prison Litigation Reform Act (PLRA) continue to apply if an inmate is released during the

12   litigation.  As the court noted in *Johnson*, however, a plaintiff potentially may be able to avoid

13   the PLRA requirements as a practical matter simply by waiting until after he is fully released

14   to commence his action.  That is, if the plaintiff files an action after he no longer is a "prisoner"

15   for purposes of 28 U.S.C. § 1915(h), he then can commence an action without being required

16   to comply with the provisions regarding fee payment and pauper applications applicable to

17   prisoners.  *See also Jackson v. Johnson*, 475 F.3d 261 (5th Cir. 2007)(holding in the particular

18   circumstances presented that a plaintiff in a halfway house continued to be a prisoner for

19   purposes of applying the PLRA).

20   IT THEREFORE IS ORDERED that the application (#7) to proceed *in forma pauperis*

21   is DENIED without prejudice.

22   IT FURTHER IS ORDERED that the motion (#3) for a preliminary injunction is DENIED

23   as moot and that all remaining pending motions, including ## 2 & 4, are DENIED without

24   prejudice.

25   IT FURTHER IS ORDERED that this action is DISMISSED without prejudice to the

26   filing of a new complaint in a new action together with either the required $350.00 filing fee

27   or a properly completed application to proceed *in forma pauperis* on the proper form and with

28   new financial attachments, to the extent then required.

-3-

1        IT FURTHER IS ORDERED that the clerk shall SEND plaintiff two copies each of an

2   *in forma pauperis* application form for a prisoner, a pauper application for a non-prisoner, and

3   a § 1983 complaint form, along with one copy of the instructions for the forms and one copy

4   of the complaint that plaintiff submitted in this action.

5        The clerk shall enter final judgment accordingly, dismissing this action without

6   prejudice.

7         DATED: January 23, 2013.

8

9

10               JAMES C. MAHAN
                 United States District Judge

-4-